## LUCKINBILL V. STATE.

HOMICIDE: *Self-defense: Retreat of adversary.*

One who kills his adversary while the latter is manifestly seeking to retire from the combat is guilty of murder, or manslaughter, according to the circumstances; but where one is defending himself from an unlawfult attempt to shoot him, it is not incumbent upon him to suspend his defense because his assailant is with-- drawing himself from the immediate locality of the attempt, if such withdrawal is apparently for the purpose of securing a position from which to renew the combat with more efficiency.

2. INSTRUCTIONS: *Should be applicable to opposing theories.*

Instructions to the jury should declare the law as applicable to any view of the facts which upon the evidence may be taken by either of the parties to the cause on trial.

APPEAL from *Woodruff* Circuit Court.

M. T. SANDERS, Judge.

*J. W. House,* for appellant.

1. The State should have been required to introduce the eye-witness to the killing, and if the State refuses the court. should call them on its own motion. These witnesses saw the tragedy, were before the Grand Jury, and their names were indorsed on the indictment. *1 C. and P., 84, and note; 9 id., 22; 8 id., 558; 10 Mich., 225; 17 id., 443; 18 id., 327; 25 id., 406; 38 id., 124; 39 id., 312; 37 id., 8; 30 id., 16; 4 Mass., 646; 40 Mich., 716; 50 Vt., 340; Whart. Cr. Ev., sec. 448; Whart. Cr. Pl. & Pr., sec. 565, and note; Roscoe Cr. Ev. Vol., top p. 210; sec. 1520 Mansf. Dig.,* does not change the rule.

2. Reviews the instructions, and contends that they are misleading and do not sufficienly present the defendant's theory of self-defense. *16 Ark., 592; 19 Ind., 48;* and especially did the court err in modifying the seventh instruction asked by defendant.

3. As to insulting language and the rights of one assaulted by reason thereof. See *29 Ark., 248, 266.*

*W. E. Atkinson,* Attorney General, and *T. D. Crawford,* for appellee.

Luckinbill v. State.

1. The State is not bound to introduce all the eye-witnesses of the *res gestæ*, even if they were before the Grand Jury, and indorsed on the indictment. *3 Cox C. C., 82; 1 Fost. & Fin., 79; 2 C. & Kir., 520; 1 Gr. Ev., sec. 446; 2 Ired., 101; 33 Ark., 175; 75 N. C., 106; 57 Ind., 26; 30 La. An., 842; 14 Ark., 563; 15 id., 358; 16 S. & R., 77.*

2. The second instruction is sustained by authority. *Wh. Cr. Law, sec. 476; 58 Ala., 268; 9 Ired., 429; 28 Miss., 688; 24 Cal., 17; Bish. Cr. Law, sec. 717; Russell Cr., 531.*

3. The second instruction by defendant, properly modified, *Wh. Cr. L., sec. 314*, as also the seventh. Appellant had no right to continue the combat any longer than was necessary to repel or overcome the danger.

PER CURIAM. The appellant was convicted of murder in the second degree. The killing was admitted and the plea of necessary self-defense interposed.

The altercation began and ended in a store-room. The defendant and deceased were both armed with pistols. There was testimony tending to show that the deceased made the first demonstration of violence by attempting to draw his pistol; that the defendant first succeeded in getting his pistol in condition for use, and fired while the deceased was attempting to extricate his pistol from entanglement in a handkerchief which he carried in the same pocket; that, while the defendant fired, the deceased slowly moved off, seeking constantly an opportunity to return the fire. He never passed the door of the room, and fell with his pistol in his hand. The court instructed the jury, among other things, as follows:

1. HOMICIDE: Self defense: Retreat of adversary.

"The jury are instructed that the killing of a human being can be justified only in necessary self-defense, and the slayer is guilty of murder when he pursues an adversary and kills him in retreat, unless the proof should show that the deceased at the time had given such provocation as to evidence a sudden and irresistible passion, in which case it would be manslaughter."

The deceased never retreated to a place from which he could not, if he had desired, have shot the defendant. The evidence tended to show that he was not attempting to retire from the combat, but was merely seeking a situation more favorable for waging it. If such was true, it was not incumbent on the defendant to suspend his defense until the deceased had gained the situation he sought, but he had the same right to defend himself as if the deceased were standing and attempting to shoot him. If the deceased was in fact seeking to retire from the combat, and his conduct manifested such purpose, the defendant was not justified in shooting him. The instruction quoted, properly declared the law in the view of the facts taken by the State, but fails to state it in the view taken by the defense. The law should have been declared as applicable to any view that might be taken.

2. INSTRUCTIONS: Should apply to opposing theories.

We do not think it is sufficiently done in any other instruction given. If the seventh instruction asked by the defense had been given without modification, it would have supplied the omission in the instruction quoted. But this instruction as modified, with the instruction quoted, might reasonably have impressed the jury that the defendant could not excuse himself for shooting the deceased while withdrawing, although he were doing so to secure a position from which he might renew the combat more effectively.

For this reason the judgment is reversed and the cause remanded.

SANDELS, J., HUGHES, J., and HEMINGWAY, J., concurred.

COCKRILL, C. J., dissenting. The charge of the court fairly defines the law of self-defense. The shortcoming of the instruction upon which the case is reversed, was, I think, fully supplied by the learned judge in other portions of the charge upon the same subject, and it does not seem to me probable that the jury was misled by the court.

The oft-repeated rule of this court, that the whole charge must be looked to for the purpose of testing the accuracy of

any part of it, together with the allegiance we owe to a jury's verdict, where it is obviously justified by the evidence, seems to me to demand that the judgment be affirmed.

Judge BATTLE concurs with me in this view.